† MAYO, *Administrator, versus* BABCOCK *&· al.*

In an action of covenant broken under a quitclaim deed, in which are no covenants against incumbrances, save those which may originate under the grantor, if the declaration does not allege the incumbrances complained of at the time of executing the deed, to have originated *from, by,* or *under* the *grantor,* it will be bad on demurrer.

ON REPORT from *Nisi Prius,* HATHAWAY, J., presiding.
COVENANT BROKEN.

A general demurrer was filed to the plaintiff's declaration, and joinder.

The writ alleged that defendants, by their deed duly executed, &c., conveyed to plaintiff's intestate, "their right, title and interest, in whatever manner derived, in and unto the real estate (described in the writ) to hold, &c., so that neither the said defendants, nor their heirs, or any other person or persons claiming from or under them, or in the name, right or stead of them, shall or will, by any ways or means have, claim or demand any right or title to the aforesaid premises or their appurtenances. Now the plaintiff in fact saith, that at the time of making and executing said deed, the said tenements were not free from all incumbrances and claims from or under them, the said defendants, but that a portion of said premises had, prior to that date, been sold and conveyed to Messrs. Wm. and Jeremiah Colburn for the non-payment of taxes assessed on a portion of said property, amounting, &c. * * * each of said several taxes having been assessed upon said property prior to the date of the deed aforesaid, and were and remained unpaid and a claim and incumbrance upon said property, when said property was in and belonged to the said defendants, which said tax and claim, said defendants, by their deed aforesaid, covenanted to pay and cancel; but said defendants," &c.

The case, by consent of the parties, was submitted to the full Court, and if the action was maintainable, to stand for trial; otherwise, a nonsuit to be entered.

*W. C. Crosby,* in support of the demurrer.

(Several objections were urged against the maintenance of the action by an administrator, which it is unnecessary to notice.)

The covenant contained in the deed set out in the declaration, is for non-claim and quiet enjoyment merely. *Pike* v. *Galvin*, 29 Maine, 187.

The plaintiff has not set out any cause of action for any one to have against these defendants.

No action lies on a covenant for quiet enjoyment until the grantee is disturbed by eviction or ouster. 1 Mass. 464; 2 Mass. 438; 2 Hill, 105; 1 Sumner, 263; 17 Mass. 587; Yelv. p. 30, note. He alleges no eviction or disturbance. He does not allege that the taxes were assessed while the property was held by defendants, or that they were legally assessed at any time. No damage was suffered by the intestate.

Breach of covenant for quiet enjoyment must be specifically set forth. *Blanchard* v. *Hoxie*, 34 Maine, 376; 4 Pick. 87.

The conclusion of his declaration does not aid it. "He ought not to have made a conclusion in law, without showing to the Court the matter of fact, whereby it might appear to the Court whether the law is as the party has taken it to be, or not. 3 Saund. 180; 12 Pick. 67; 13 Pick. 117.

*N. Wilson, contra.*

RICE, J. — The case comes before us on a demurrer to the declaration. In the defendants' argument several objections have been urged against the competency of the plaintiff to maintain this action. Whether the defendants can avail themselves of these objections on general demurrer, may admit of doubt. Upon that point, however, we now give no opinion.

The plaintiff's intestate claimed title to the premises by virtue of a quitclaim deed from the defendants, in which is found the following covenant: — "So that neither the grantors, nor their heirs, or any other person, or persons, claim-

ing from or under them, or in their name, right, or stead of them, shall or will, by any way or means, have, claim, or demand any right or title to the aforesaid premises, or their appurtenances, or to any part or parcel thereof forever."

This deed contains no covenants of seizin, of good right to convey, of freedom from incumbrances, nor of general warranty, but simply a covenant of *non-claim.*

The covenant of non-claim asserts nothing respecting the past or the present. It is only an engagement respecting future conduct. *Pike* v. *Galvin*, 29 Maine, 183.

The breach set out in the plaintiff's declaration is, "that at the time of making and executing said deed, the said tenements were not free from all incumbrances and claims, from and under them, the said defendants, but that a portion of the said premises had, prior to that date, been sold and conveyed to William and Jeremiah Colburn, for the non-payment of taxes assessed on a portion of said property, amounting, when the plaintiff paid the same, on the 10th of February, 1853, to the sum of twenty-four dollars and fifty-six cents; also the plaintiff was compelled to pay, and did pay, to the treasurer of the town of Orono, to redeem another portion of said property from the taxes and interest, and expenses on account of the same, on the 20th day of July, 1853, the further sum of forty-three dollars and seventy-three cents; each of said several taxes having been assessed upon said property *prior to the date of the deed aforesaid*, and were and remained unpaid, and a claim and incumbrance upon said property when said property belonged to the defendants."

The defendants only covenant against claims arising from or under them. Incumbrances upon the estate, which did not thus originate, are not within the terms of their covenants.

The plaintiff alleges, that the taxes which he has been compelled to pay, were assessed upon the premises *prior* to the date of the defendants' deed; but how long prior, or whether the premises were owned by the defendants at the

time when the taxes were assessed which the plaintiff has paid, does not appear. It therefore does not appear that this claim or demand for taxes, originated from, by, or under the defendants. *The declaration must therefore be adjudged bad, on demurrer.*